UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS GONZALO DUENAS
GARCIA,

        Plaintiff,

   v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

        Defendants.

Case No. 2:25-cv-1004-KCD-NPM

## **ORDER**

Petitioner Luis Gonzalo Duenas Garcia has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention contravenes the Fifth Amendment. (*Id.* 11-14.) Defendants responded. (Doc. 10.)

Garcia illegally entered the United States through Arizona on April 5, 2024. (Doc. 1 ¶ 2, p. 18.)[2] Important for reasons discussed below, Garcia states that he was apprehended and taken into custody by Customs and Border

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] For Doc. 1, the Court uses the page numbers generated by the CM/ECF system.

Patrol at the time that he entered the United States, and a notice to appear was issued. (*Id.* ¶¶ 2, 20; p. 18.) Garcia was released from custody by an Immigration Judge under an Order of Release on Recognizance. (*Id.* ¶ 20, pp. 22-26.) He later sought admission through asylum. (*Id.* ¶ 21.) At a regularly scheduled check-in with ICE last month, Garcia was arrested. (*Id.* ¶ 22.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (*Id.*)

ICE is holding Garcia under 8 U.S.C. § 1225. (*Id.* ¶ 5.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). According to Garcia, the Attorney General is unlawfully holding him under § 1225(b)(2) instead of under 8 U.S.C. § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional. (Doc. 1 ¶ 7.)

Though not addressed by the Government, if Garcia were apprehended at the border, that would put him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."); *Moore v.*

2

*Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country."). Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. The Court addressed this very issue in *Pirto v. Warden of Glades Cnty. Detention Ctr.*, 2:25-cv-966-KCD-DNF (Doc. 13).

Thus, the Government is directed to file additional briefing to address the issue raised above by **November 25, 2025**.

**ORDERED** in Fort Myers, Florida on November 20, 2025.

Kyle C. Dudek
United States District Judge

3