UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS GONZALO DUENAS GARCIA,

        Plaintiff,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT DEPARTMENT OF HOMELAND SECURITY, *et al.*;

        Defendants.
_____/

Case No. 2:25-cv-1004-KCD-NPM

## **ORDER**

Petitioner Luis Gonzalo Duenas Garcia has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention contravenes the Fifth Amendment. (*Id.* 11-14.) Defendants responded (Docs. 10, 13), and Garcia replied (Doc. 14). For the reasons below, the petition is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Garcia illegally entered the United States through Arizona on April 5, 2024. (Doc. 1 ¶ 2, p. 18.)[2] Important for reasons discussed below, Garcia was apprehended and taken into custody by Customs and Border Patrol when he entered the United States, and a notice to appear was issued. (*Id.* ¶¶ 2, 20; p. 18.) Garcia was released from custody under an Order of Release on Recognizance. (*Id.* ¶ 20, pp. 22-26.) He has an active asylum application pending before the immigration court. (*Id.* ¶ 21; Doc. 13 at 1.) At a regularly scheduled check-in with ICE last month, Garcia was arrested. (Doc. 1 ¶ 22.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (*Id.*)

## II. Discussion

Garcia's habeas petition raises two claims. First, his detention violates the INA because he is ineligible for a bond hearing. (Doc. 1 at 13.) Second, his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (*Id.*) These claims are addressed in turn.

### A. Count I

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible

---

[2] For Doc. 1, the Court uses the page numbers generated by the CM/ECF system.

arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Garcia, he is entitled to a bond hearing under § 1226. (Doc. 1 at 14.) And the Government's "application of § 1225(b)(2) to the petitioner unlawfully mandates his continued detention and violates the INA." (*Id.* at 13.) But this argument runs headlong into the facts. Garcia was apprehended at

3

the border, where he sought admission through asylum. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Garcia spent time in the United States after being released on an order of recognizance—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.").

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Garcia's continued detention without a bond hearing cannot be in violation of the INA.

### B. Count II

Even if Garcia's detention without a bond hearing is authorized by the INA, he argues it violates the Due Process Clause. The Court cannot agree. First, it's not entirely clear that such a claim is available for aliens held under § 1225. *See, e.g., D. A. F. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-79-CDL-MSH, 2020 WL 9460467, at *8 (M.D. Ga. May 8, 2020) ("Some courts have concluded that for arriving aliens due process is whatever procedure has been authorized by Congress."). But even assuming Garcia enjoys due process protections here, they would be transgressed only by "prolonged detention" without a bond hearing. *Moore*, 2019 WL 2152582, at *9. Garcia has been in custody for just over a month. That is far short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

Garcia has not been in custody for a prolonged period or shown that his detention will be indefinite. So his claim under the Due Process Clause also fails. *See, e.g., Tomlinson v. Swartz*, No. 24-24844-CV, 2025 WL 1568213, at *4 (S.D. Fla. Jan. 31, 2025).

### III. Conclusion

Based on the record provided, Garcia's detention does not violate the INA or the Constitution. He is thus not entitled to habeas relief, and the petition (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 25, 2025.

Kyle C. Dudek
United States District Judge